IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

FILED

JAN 1 1 2013

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

METROPOLITAN LIFE INSURANCE
COMPANY,

         *Plaintiff,*

v.

EILEEN KOTALIK, JOHN J. KOTALIK IV
AND WILFRED W. KILGORE,

         *Defendant.*

)
)
)
)
)
)
)
)
)
)

Civil Action No.  2:13cv20

## COMPLAINT IN INTERPLEADER

COMES NOW Plaintiff Metropolitan Life Insurance Company ("MetLife"), by and through its attorneys, and for its Complaint in Interpleader states:

### PARTIES

1.  Interpleader Plaintiff MetLife is a corporation organized under the laws of the State of New York, with its principal place of business in New York, New York.  It is duly licensed to do business in the State of Virginia.

2.  Upon information and belief, defendant Eileen L. Kotalik is a surviving child of Colleen M. Malanga (the "Decedent"), and she resides in Virginia Beach, Virginia.

3.  Upon information and belief defendant John J. Kotalik, IV is a surviving child of the Decedent, and he resides in Spanaway, Washington.

4.  Upon information and belief defendant Wilfred W. Kilgore is the significant other of the Decedent, and he resides in Virginia Beach, Virginia.

## JURISDICTION AND VENUE

5.  This Court has original jurisdiction over this action pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. §1331 because the action arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001, *et seq.* Further, this is an interpleader action pursuant to Rule 22 of the Federal Rules of Civil Procedure.  This court also has jurisdiction pursuant to 28 U.S.C. §1335 because two or more adverse claimants of diverse citizenship are claiming entitlement to life insurance benefits in Plaintiff's custody the value of which exceeds $500

6.  Venue is proper pursuant to 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391(b), because a defendant resides in this district and a substantial part of the events giving rise to this action occurred in this district.

## CAUSE OF ACTION IN INTERPLEADER

7.  The Decedent, as an employee of US Oncology, Inc., was a participant in the US Oncology, Inc. Life Insurance Plan (the "Plan"), an ERISA-regulated employee welfare benefit plan sponsored by US Oncology, Inc., and funded by a group life insurance policy issued by MetLife.

8.  MetLife, as the Plan's claim fiduciary, must administer claims for benefits in accordance with ERISA and the documents and instruments governing the Plan.

9.  ERISA defines a beneficiary as "[a] person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29U.S.C. §1002(8).

10. The Certificate of Insurance establishes at page 62, the right of a Plan participant

to name his or her beneficiary. A true and correct copy of the Certificate of Insurance is attached hereto as Exhibit A.

11. The most recent beneficiary designation form on file with the Plan for the Decedent is dated May 21, 2012 and names Eileen L. Kotalik for 50%, Wilfred W. Kilgore for 40%, and John J. Kotalik, IV for 10% of the life insurance benefits. A true and correct copy of the May 21, 2012 designation is attached hereto as Exhibit B.

12. The prior beneficiary designation form on file with the Plan for the Decedent is dated March 5, 2012 and names Eileen L. Kotalik for 37%, Wilfred W. Kilgore for 34%, and John J. Kotalik, IV for 29% of the life insurance benefits. A true and correct copy of the March 5, 2012 designation is attached hereto as Exhibit C.

13. The next most recent beneficiary designation form on file with the Plan for the Decedent is dated January 14, 2009 and names Eileen L. Kotalik for 85% and John J. Kotalik, IV for 15% of the life insurance benefits (the "2009 Designation"). See Exhibit B.

14. The Decedent died on July 4, 2012. A true and correct copy of the Decedent's death certificate is attached hereto as Exhibit D.

15. At the time of her death, the Decedent was enrolled under the Plan for Basic Life Insurance Coverage in the amount of THIRTY SIX THOUSAND DOLLARS ($36,000) and Optional Employee Life insurance coverage of ONE HUNDRED THOUSAND DOLLARS ($100,000) for a total of ONE HUNDRED THIRTY SIX THOUSAND DOLLARS ($136,000) (the "Plan Benefits"). The Plan Benefits became payable to the proper beneficiaries upon the Decedent's death, pursuant to the terms of the Plan.

16. On August 2, 2012, Wilfred W. Kilgore completed a Claimant's Statement. A

3

true and correct copy of the Claimant's Statement for Wilfred W. Kilgore is attached hereto as Exhibit E.

17.  On August 2, 2012, Eileen L. Kotalik completed a Claimant's Statement.  A true and correct copy of the Claimant's Statement for Eileen L. Kotalik is attached hereto as Exhibit F.

18. On August 17, 2012, John J. Kotalik, IV completed a Claimant's Statement.  A true and correct copy of the Claimant's Statement for John J. Kotalik, IV is attached hereto as Exhibit G.

19. On September 4, 2012, John J. Kotalik informed MetLife that any beneficiary change made after January 28, 2012 is invalid because the Decedent was not fully competent after this date.  A true and correct copy of the September 4, 2012 letter is attached hereto as Exhibit H.

20. It is undisputed that Eileen L. Kotalik and John J. Kotalik, IV are entitled to a portion of the Plan Benefits. Thus, MetLife paid Eileen L. Kotalik and John J. Kotalik, IV the undisputed portion of the Plan Benefits on September 21, 2012 and October 22, 2012. The remaining Plan Benefits are FIFTY FOUR THOUSAND FOUR HUNDRED DOLLARS ($54,400) ("Remaining Plan Benefits").

21. MetLife cannot determine whether a court would conclude that the Decedent was competent at the time she signed the May 21, 2012 or March 5, 2012 designations

22. If the court were to determine that the May 21, 2012 Designation is valid, then the Remaining Plan Benefits would be payable to Wilfred W. Kilgore.

23. If the court were to determine that the May 21, 2012 designation is invalid, but

4

that the March 5, 2012 designation is valid then 34% of the Plan Benefits would be payable to Wilfred Kilgore, and 19% of the Plan Benefits would be payable to John J. Kotalik, IV pursuant to the March 5, 2012 designation.

24. If the court were to determine that both the May 21, 2012 and March 5, 2012 designations are invalid, then 35% of the Plan Benefits would be payable to Eileen L. Kotalik and 5% of the Plan Benefits would be payable to John J. Kotalik, IV pursuant to the 2009 Designation.

25. MetLife cannot determine the proper beneficiary of the Remaining Plan Benefits without risking exposure of itself, the Plan, and US Oncology, Inc. to multiple liability.

26. By letter dated September 26, 2012, MetLife advised the Defendants that their claims were adverse to one another and raised questions of fact and law that could not be resolved by MetLife without exposing the Plan to the danger of double liability. MetLife gave Defendants an opportunity to resolve this matter amongst themselves in order to preserve the Remaining Plan Benefits from litigation costs and fees. Upon information and belief, no agreement was reached. A true and correct copy of the September 26, 2012, letter is attached hereto as Exhibit I.

27. As a mere stakeholder, MetLife has no interest in the Plan Benefits (except to recover its attorney's fees and costs of this action). MetLife, therefore, respectfully requests that this Court determine to whom the Remaining Plan Benefits should be paid.

28. MetLife is ready, willing and able to pay the Remaining Plan Benefits, in accordance with the terms of the Plan, in such amounts and to whichever Defendant the Court shall designate.

29. MetLife will deposit into the Registry of the Court the Remaining Plan Benefits, plus any applicable interest due and owing under the terms of the Plan, for disbursement in accordance with the Judgment of this Court.

WHEREFORE, MetLife demands judgment as follows:

(i)     Restraining and enjoining the Defendants by Order and Injunction of this Court from instituting any action or proceeding in any state or United States court against MetLife, US Oncology, Inc., or the Plan for the recovery of the Plan Benefits, plus any applicable interest payable as a consequence of the death of the Decedent;

(ii)     Requiring that Defendants litigate or settle and adjust between themselves their claims for the Remaining Plan Benefits, or upon their failure to do so, that this Court settle and adjust their claims and determine to whom the Remaining Plan Benefits, plus applicable interest, if any, should be paid;

(iii)     Permitting MetLife to pay into the Registry of the Court the Remaining Plan Benefits at issue, plus applicable interest, if any;

(iv)     Dismissing MetLife with prejudice from this action, and discharging MetLife, US Oncology, Inc., and the Plan from any further liability upon payment of the Plan Benefits, plus any applicable interest into the Registry of this Court, or as otherwise directed by this Court;

(v)     Awarding MetLife its costs and attorney's fees; and

(vi)     Awarding MetLife such other and further relief as this Court deems just equitable and proper.

Dated:  January 10, 2013

Joleen R. Okun, Va. Bar No. 73283
Ogletree, Deakins, Nash, Smoak and
    Stewart, P.C.
1909 K Street, N.W., Suite 1000
Washington, DC 20006
Telephone: (202) 887-0855
Facsimile: (202) 887-0866
Email: joleen.okun@odnss.com

*Counsel for Plaintiff Metropolitan Life
Insurance Company*

14015730.1

7